IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**MYRON CAYTON,**

      **Plaintiff,**

v.                                                     Civil Action No. 3:12cv96
                                                        (Judge Groh)

**TIMOTHY STEWART, Warden of FCI Morgantown,**
**FCI MORGANTOWN,**
**FEDERAL BUREAU OF PRISONS.**

      **Defendants.**

## REPORT AND RECOMMENDATION

On September 18, 2012, the *pro se* Plaintiff, a federal inmate at FCI Morgantown, filed this civil rights action pursuant to Bivens v. Six Unknown Federal Narcotics Agents,[1] ("Bivens") 403 U.S.338 (1971). On September 18, 2012, the Plaintiff was granted leave to proceed *in forma pauperis*. On October 21, 2012, the Plaintiff paid the initial partial filing fee of $47.09. Accordingly, this case is before the undersigned for a report and recommendation pursuant to LR PL P 2 and 28 U.S.C. §§ 1915A and 1915(e).[2]

## I. STATEMENT OF FACTS

In the complaint, the Plaintiff states that on October 12, 2010, while in the course of

---

[1] In this case, the Supreme court created a counterpart to 42 U.S.C.§ 1983 and authorized suits against federal employees in their individual capacities.

[2] 28 U.S.C. §1915(e)(2)(B) states: Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...
    (B) the action or appeal-
        (I)   is frivolous or malicious;
        (ii)  fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

working at his job as a Recreational Orderly at FCI Morgantown, he was injured while cleaning a treadmill. The treadmill fell on the Plaintiff's upper back and neck. Following the injury, an investigation into the accident was made by an officer of FCI Morgantown. An accident/injury report was made of the incident. The Plaintiff states that after reviewing the incident report he noticed a series of errors in it. These errors were not fixed in the report. As a result of the injury, the Plaintiff received worker's compensation and medical treatment which included back surgery on October 27, 2011. The Plaintiff states that he continues to suffer from severe and debilitating back pain. For relief, the Plaintiff seeks $5,000,000 in monetary compensation and punitive damages from the Defendants.

## II. STANDARD OF REVIEW

Because the Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity

2

dismissals should only be ordered when the legal theories are "indisputably meritless,"[3] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the Plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III. DISCUSSION

### A. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in §1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaustion of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[4] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

Moreover, in Woodford v. Ngo, 548 U.S. 81, 84-85 (2006), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons"; (2) to

---

[3] Id. at 327.

[4] Id.

3

"afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Therefore, "the PLRA exhaustion requirement requires *full* and *proper* exhaustion." Woodford at 92-94 (emphasis added). Full and proper exhaustion includes *meeting all the time and procedural requirements of the prison grievance system.* Id. at 101-102. (emphasis added).

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). See 28 C.F.R. § 542.10, et seq. If the prisoner achieves no satisfaction informally, he must file a written complaint to the Warden (BP-9), within twenty calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the Warden's response, he may appeal to the Regional Director of the BOP (BP-10) within twenty days of the Warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within thirty days of the date the Regional Director signed the response.[5] An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. 28 C.F.R.§ 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

---

"If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden or CMM. within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days...If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

In <u>Jones v. Bock</u>, 549 U.S. 199 (2007), the United States Supreme Court ruled, among other things, that an inmate's failure to exhaust under the PLRA is an affirmative defense, and an inmate is not required to specifically plead or demonstrate exhaustion in his complaint. Nonetheless, pursuant to the Court's authority under 28 U.S.C. § 1915, it is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds if the failure to exhaust is apparent from the face of the complaint. <u>See</u> <u>Anderson v. XYZ Prison Health Services</u>, 407 F.3d 674, 681-82 (4th Cir. 2005).

Although the Plaintiff in this case filed two separate sets of administrative grievances at all four levels provided by the Federal Bureau of Prisons, the Plaintiff did not successfully exhaust his administrative remedies fully or properly on the second set of grievances from which this <u>Bivens</u> action arises. Both sets of grievances arise out of the Plaintiff's injury on October 12, 2010, but involve completely separate claims. The first set of grievances, which was initiated on November 21, 2010, involved a request by the Plaintiff for an MRI and other medical treatment. (Doc 1-1, p.36). On September 28, 2011, the Plaintiff successfully and properly exhausted his remedies on this claim. (<u>Id.</u> at p.27).

The second set of grievances is the claim tied to the <u>Bivens</u> action before this Court. The Plaintiff did not successfully exhaust his administrative remedies fully and properly with this grievance because he did not file his initial written remedy with the Warden within the proper deadline. (Doc 1-1, p. 16). On June 2, 2011, the Plaintiff filed an initial informal review of the grievance with the staff of FCI Morgantown regarding errors on the accident/injury report created in response to the Plaintiff's injury that occurred on October 12, 2010. (<u>Id.</u> at pp. 16-17). Unsatisfied with the outcome of the informal review, the Plaintiff filed a written formal

5

grievance with Timothy Stewart, the Warden of FCI Morgantown. (Id. at pp 14-15). The Plaintiff maintains that the written grievance was sent to the Warden on June 3, 2011, but the records from FCI Morgantown reflect the grievance as received on June 7, 2011. (Id. at p. 4). The Warden rejected the Plaintiff's grievance because he failed to appeal within twenty calendar days of the event complained about. The Plaintiff stated that he received the accident/injury report on May 12, 2011. (Id. p.13). The records of FCI Morgantown reflect the report as given to the Plaintiff on April 28, 2011. (Id. at p.4). Even if the Plaintiff had not received his accident/injury report until May 12, 2011, his time period to file a grievance with the warden would have run out on June 1, 2011. This date is two days before his alleged filing and six days before the recorded filing. (Id.). On June 19, 2011, the Plaintiff appealed to the Bureau of Prisons's Regional Director.( Id. at pp. 12-13). The Regional Director rejected the Plaintiff's appeal because he failed to appeal to the Warden within twenty calendar days of the event complained about.( Id. at p.11).[6] On October 24, 2011, the Plaintiff appealed to the Bureau of Prisons's General Counsel.(Id. at pp. 9-10). The General Counsel also rejected the Plaintiff's appeal because he failed to appeal to the Warden within twenty calendar days of the event complained about.(Id. at p.13). The General Counsel gave the Plaintiff the option of resubmitting the appeal within fifteen days of the rejection.(Id.). On November 28, 2011, the Plaintiff resubmitted the appeal to the General Counsel stating that the delay in filing the Warden's appeal was due to the staff of FCI Morgantown. (Id at p.2). The General Counsel again rejected the Plaintiff's appeal because he failed to provide verification of the staff's involvement

---

[6] The Regional Director permitted the Plaintiff five days to resubmit his appeal following the instructions on the rejection. ( Doc 1-1, p. 11). The Plaintiff did not resubmit an appeal as offered by the Regional director.

and the appeal to the Warden was not filed within twenty days of the event complained about. (Id. at p.8). Because the Plaintiff failed to exhaust his claims in a timely manner prior to filing suit in federal court, and the failure to exhaust is apparent, his complaint should be dismissed. See Woodford, 548 U.S. at 85 ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). However, even if the Plaintiff had exhausted his administrative remedies, or if this Court was inclined to find the BOP prevented the Plaintiff from exhausting his remedies, this case would still be due to be dismissed for failure to name a proper defendant.

### B. Naming of Proper Defendants

#### 1. Timothy Stewart, Warden at FCI Morgantown

##### a. Respondeat Superior

*Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. Rizzo v. Good, 423 U.S. 362 (1976). Rather, in a Bivens case, the Plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).

In this case, the Plaintiff names Stewart solely in his official capacities as the Warden of FCI Morgantown. The only part the Defendant played in the Plaintiff's accident/injury report was denying the Plaintiff's administrative remedies. This is not the type of personal involvement required to state a Bivens claim. See Paige v. Kupec, 2003 WL 23274357 *1 (D.Md. March 31,

2003). Thus, because the Plaintiff fails to allege that the Defendant, Stewart, was personally involved with a deprivation of his constitutional rights, he should be dismissed with prejudice.

b. Supervisory Liability

In Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990), the Fourth Circuit recognized that supervisory defendants may be liable in a Bivens action if the Plaintiff shows that: "(1) the supervisory defendants failed to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." In so finding, the Court recognized that "[s]upervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of *respondeat superior*, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." Id.

However, a Plaintiff cannot establish supervisory liability merely by showing that the subordinate was deliberately indifferent to his needs. Id. Instead, a Plaintiff must show that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practice. Id.

Here, the Plaintiff has failed to make the appropriate showing of supervisory liability. The Plaintiff does not allege that Stewart was personally involved with the creation of the errors on his injury report. Also the Plaintiff has not provided any evidence that the Defendant tacitly authorized or was indifferent to any alleged violation of his constitutional rights. Thus, the

8

Defendant, Stewart, should be dismissed with prejudice.

## 2. FCI Morgantown and the Federal Bureau of Prisons

This action is being analyzed pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). However, a Bivens cause of action cannot be brought against a federal agency. See FDIC v. Meyer, 510 U.S. 471, 486 (1994); Steele v. Federal Bureau of Prisons, 355 F. 3d 1204 (10th Cir. 2003). Accordingly, neither FCI Morgantown nor the Federal Bureau of Prisons is a proper defendant and both must be dismissed.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for the failure to exhaust administrative remedies and to name any proper defendants. The undersigned further recommends that the complaint be **DISMISSED WITH PREJUDICE** as to the named defendants for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S.

1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: July 9, 2013

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE