IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

MYRON CAYTON,

        Plaintiff,

v.                                                 CIVIL ACTION NO. 3:12-CV-96
                                                   (JUDGE GROH)

TIMOTHY STEWART, Warden of FCI
Morgantown, FCI MORGANTOWN, and
FEDERAL BUREAU OF PRISONS,

        Defendants.

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the

Report and Recommendation ("R&R") of United States Magistrate Judge David J. Joel.

By Standing Order, this action was referred to Magistrate Judge Joel for submission of a

proposed R&R. Magistrate Judge Joel filed his R&R [Doc. 14] on July 9, 2013. In the R&R,

he recommends that this Court dismiss the Plaintiff's complaint without prejudice for failure

to exhaust administrative remedies and, in the alternative, for failure to name proper

defendants and failure to state a claim upon which relief can be granted.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court must make a *de novo* review of

those portions of the magistrate judge's findings to which objection is made. The Court is

not required to review, under a *de novo* or any other standard, the factual or legal

conclusions of the magistrate judge as to those portions of the findings or recommendation

to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In

addition, failure to file timely objections constitutes a waiver of *de novo* review and the

Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

Here, objections to Magistrate Judge Joel's R&R were due within fourteen days after being served with a copy of the R&R pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). The docket reflects that service was accepted on July 12, 2013. The Plaintiff timely filed his objections on July 26, 2013 [Doc. 19]. Accordingly, the Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which the Plaintiff objects. The Court will review the remainder of the R&R for clear error.

## I. Background

On September 18, 2012, the *pro se* Plaintiff initiated this *Bivens* action by filing a complaint against Warden Timothy Stewart, FCI Morgantown, and the Federal Bureau of Prisons. His complaint raises one claim. This claim arises from alleged errors that appeared in an accident/injury report. The report related to an incident at FCI Morgantown where a treadmill fell on the Plaintiff while he was working as a Recreation Orderly.

Magistrate Judge Joel screened the complaint pursuant to 28 U.S.C. § 1915A(b). On July 9, 2013, he entered an R&R that recommended, among other things, dismissing the complaint without prejudice for failure to exhaust administrative remedies. On July 26, 2013, the Plaintiff filed objections to the R&R [Doc. 19].

## II. Analysis

Magistrate Judge Joel recommended dismissing the Plaintiff's complaint because he did not exhaust his administrative remedies. The Plaintiff objects to this recommendation on the basis that he "did satisfactorily attempt to fully exhaust his

administrative remedies." *Id.* He argues that "his otherwise late filing should equitably be excused upon the legal doctrines of excusable neglect and/or equitable tolling." *Id.* He supports this position as follows:

> [O]nce he received the subject accident/injury report on May 12, 2011, he specifically asked his Counselor Ms. Kovscek how he would need to proceed to file a claim for damages. Ms. Kovscek responded to Cayton the [sic] she was 'uncertain.' This uncertainty by a prison administrator principally led Cayton to delay his initial BP-8½ filing, though, as the Court can well see, his later BP-9 filing was 1-2 days late . . .

> Most critically, Cayton still contends, he could not possibly have filed a 'late' BP-9 where he received the response to his BP-8½ on June 3 and on that very day, filed his BP-9. It is entirely unreasonable to expect that Cayton could have filed a 'timely' BP-9 on June 1, 2011 when it was an impossibility to do so.

> Cayton respectfully submits that based upon the fact that he received the . . . accident report on May 12, 2011, coupled with the fact that Counselor Kovscek was uncertain how he should best 'proceed,' entitles Cayton, who demonstrated significant diligence in making a 'same day' BP-9 filing once in possession of his BP-9 rejection.

*Id.* at 1-2.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action concerning prison conditions under 42 U.S.C. § 1983 or any other federal law must have first exhausted all available administrative remedies. 42 U.S.C. § 1997e(a). Exhaustion is mandatory and applies in **Bivens** actions. **Porter v. Nussle**, 534 U.S. 516, 524 (2002). Because exhaustion is a prerequisite to suit, a prisoner must have exhausted all available administrative remedies before filing his complaint. *Id.* Exhaustion is required even if the relief that the prisoner seeks is not available in grievance proceedings. *Id.* The PLRA also requires proper exhaustion. **Woodford v. Ngo**, 548 U.S. 81, 93 (2006). If "failure to exhaust is apparent from the face of the complaint," a court can dismiss the case *sua*

*sponte*, such as when screening the complaint pursuant to 28 U.S.C. § 1915A. *See Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674, 681-82 (4th Cir. 2005).

The Bureau of Prisons has a four-step Administrative Remedy Program. 28 C.F.R. § 542.10 *et seq.* The inmate must "first present an issue of concern informally to staff." 28 C.F.R. § 542.13. If the inmate is not satisfied with the result of the concern's informal presentation, the inmate must next submit "a formal written Administrative Remedy Request" on a BP-9 form. 28 C.F.R. § 542.14(a). The deadline for the informal complaint and BP-9 form is twenty calendar days from "the date on which the basis for the Request occurred." *Id.* If the inmate is not satisfied with the response to the BP-9, he must submit an appeal on a BP-10 form "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response" to the BP-9 form. 28 C.F.R. § 542.15(a). If the inmate is not satisfied with the response to the BP-10, the final step requires that he appeal to the General Counsel by filing a BP-11 form "within 30 calendar days from the date the Regional Director signed the response" to the BP-10 form. *Id.* An inmate exhausts his administrative remedies after completing these steps.

A prisoner, however, need not exhaust administrative remedies if they were unavailable. *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Id.* "Thus, 'when prison officials prevent inmates from using the administrative process . . . , the process that exists on paper becomes unavailable in reality." *Zander v. Lappin*, 415 Fed. App'x 491, 492 (4th Cir. 2011) (quoting *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). In *Graham v. Gentry*, 413 Fed. App'x 660 (4th Cir. 2011), the Fourth Circuit applied these principles to find that a prisoner was

4

not prevented from using the administrative remedies process. The court explained that the prisoner "knew about the existence of the grievance procedure, but . . . never inquired about how to file a grievance under that procedure," and that there was no evidence that prison officials had "impeded or discouraged any efforts that [the prisoner] made or could have made to file a grievance." *Id.* at 663.

Here, the Plaintiff principally argues that the doctrines of equitable tolling or excusable neglect should excuse his late BP-9 filing. He therefore does not contest that he did not properly exhaust his administrative remedies. These doctrines, however, do not apply in this context. As noted earlier, the Plaintiff can pursue his claim irrespective of his failure to exhaust his administrative remedies if they were unavailable. *See Moore*, 517 F.3d at 725. So far as the Court can construe his objections as raising such an argument, the Plaintiff has not made any allegations that go to show that administrative remedies were unavailable to him. While he asserts that Ms. Kovscek was uncertain concerning how he could pursue a claim for damages, the Plaintiff does not allege that she or any other prison official prevented him from filing a grievance concerning the report. *See id.* Indeed, he does not contend in his objections that he did not know about the grievance process. *Compare Graham*, 413 Fed. App'x at 663. He also admits in his complaint that a grievance procedure existed at FCI Morgantown. Compl. at 4. The Plaintiff therefore has not shown that unavailability is a basis for excusing his failure to exhaust administrative remedies.

To the extent that the Plaintiff argues that it was impossible for him to file a BP-9

within twenty days of receiving the report, this objection is without merit. The Plaintiff had twenty calendar days from the date that he received the report to present his concern informally and through a BP-9 form. 28 C.F.R. § 542.14(a). The fact that he did not begin the administrative remedy process until the twenty-day period nearly elapsed is not a ground upon which the Court may excuse his failure to exhaust his administrative remedies properly. Accordingly, the Court **OVERRULES** the Plaintiff's objections. Dismissal therefore is appropriate because the Plaintiff did not exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a); *see also* ***Anderson***, 407 F.3d at 681-82.

### III. <u>Conclusion</u>

Upon careful review of the record, the Court **OVERRULES** the Plaintiff's Objections. It is the opinion of this Court that the magistrate judge's Report and Recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Accordingly, the Plaintiff's complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

The Court **DIRECTS** the Clerk to enter judgment in favor the Defendants.

The Court further **DIRECTS** the Clerk that this case be closed and stricken from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Plaintiff.

**DATED**: February 25, 2014.

GINA M. GROH
UNITED STATES DISTRICT JUDGE